# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2890

_____

United States of America,

          Appellee,

v.

Victor Jiminez-Villanueva, also known
as Jose Luis Rodriguez-Velasquez,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted: December 5, 2007
Filed: December 26, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Victor Jiminez-Villanueva guilty of conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him within the advisory Guidelines range to 360 months in prison and 10 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). For the reasons discussed below, we affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Counsel first argues that, in classifying Jiminez-Villanueva as a career offender, the district court erred in determining that he was the person who had committed two prior felony drug offenses in California. We find no clear error. See United States v. Sanchez-Garcia, 461 F.3d 939, 947 (8th Cir. 2006) (standard of review). The probation officer who prepared the presentence report supplied the court with photographs of the individual who was convicted of the prior felonies, which she obtained from the relevant court staff and sheriff's department personnel in California. The court then compared Jiminez-Villanueva's appearance in person to the photographs and found that they matched. We have previously held that this is a "sufficiently reliable method for resolving the factual dispute." See id. at 948.

In light of this conclusion, we need not reach counsel's second argument regarding the district court's drug-quantity finding because, as a career offender, Jiminez-Villanueva's offense level would be the same regardless of drug quantity.

Having found no nonfrivolous issues after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court and grant counsel's request to withdraw.

_____